THE DISTRICT COURT OF GUAM

| | |
|---|---|
| KRISTOFFER CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. 25-00024<br><br><br>**DECISION & ORDER<br>GRANTING IN PART & DENYING IN<br>PART MOTION TO DISMISS** |

Before the court is Defendant Government of Guam's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss. ECF Nos. 17 & 18. The court has reviewed the record and the relevant case law, and deems this matter suitable for submission without oral argument. For the reasons stated below, the court hereby GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

I.      **BACKGROUND**[1]

Plaintiff Kristoffer Castro, a man of Filipino descent, was employed at all relevant times for the purposes of this Complaint by the Guam Department of Agriculture, a line agency for Defendant Government of Guam. ECF No. 2, at 2. Mr. Castro first started working for the Guam

---

[1] The court refers to CM/ECF pagination throughout this Decision and Order.

Department of Agriculture as a Game Warden in June 2006.[2] *Id.* at 3. Since 2017, Mr. Castro has applied for the Conservation Sergeant, Conservation Lieutenant, Conservation Officer II, Conservation Officer III, Commodity Inspector I, and Commodity Inspector II positions. *See id.* at 3-5. Although he was deemed an "outstanding" employee and eligible for some of the positions he applied to, he was never chosen for any of these positions. *Id.* at 4-5. Mr. Castro alleges he was denied these positions based on his race as an Asian and national origin as a Filipino, and in retaliation for raising discrimination concerns. *Id.* at 5. As a result, he alleges that this discrimination meant that less qualified individuals, like Gerald Aflague, were selected for positions like Commodity Inspector II, instead of him. *Id.*

In May of 2017, Mr. Castro first started to raise his concerns through a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 3. Mr. Castro alleges that the Defendant retaliated against him as a result of the EEOC charge by assigning him to "demeaning and harassing" postings that he felt were not a part of his job description. *Id.* He also stated that other employees for Defendant began to bully, harass, and threaten him. *Id.* at 3-4. Due to the harassment, on February 28, 2018, Mr. Castro filed an adverse action appeal with the Guam Civil Service Commission. *Id.* at 4. The Complaint does not indicate the final disposition of this adverse action appeal.

On August 5, 2024, Mr. Castro filed a second EEOC charge, alleging discrimination based on his race as an Asian and his national origin as a Filipino.[3] *Id.* at 5. On August 20, 2024, Mr. Castro filed a Step 1 grievance based on his non-selection for a role with the Department of Agriculture, and on September 27, 2024, he asked the Grievance Review Board to review his grievance. *Id.* at 6. Mr. Castro alleges he continued to experience harassment and retaliation at

---

[2] Mr. Castro's Complaint does not indicate whether he changed positions within the Department of Agriculture.

[3] Mr. Castro amended this EEOC charge on August 6, 2024.

work noting that he "observed a Conservation Officer vehicle at his work site" which "raised concern about possible intimidation" and he noted that he "did not receive his paycheck and was told his timesheet hadn't been certified" on one occasion. *Id.* On February 24, 2025, the EEOC closed its investigation into Mr. Castro's second charge "without a determination and issued [him] a Notice of Right to Sue." *Id.*

On May 23, 2025, he filed a Complaint in this court alleging violations of Title VII of the Civil Rights Act of 1964 based on the discrimination he experienced while working for the Defendant. *Id.* at 1. Specifically, the Complaint contains three claims: 1. Retaliation Against Employee for Accessing EEOC Procedures, 2. Discrimination based on Race, and 3. Intentional Infliction of Emotional Distress. *Id.* at 7-10.

On January 23, 2026, Defendant filed a Motion to Dismiss Mr. Castro's three claims for a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF Nos. 17 & 18. On February 13, 2026, Mr. Castro filed his Opposition to Motion to Dismiss. *See* ECF No. 19, at 4. Defendant did not file a Reply to the Opposition.

II.     **LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A party may move under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss claims in which the court lacks subject-matter jurisdiction." *J.P. v. United States*, 679 F.Supp.3d 911, 920 (D. Ariz. 2023) (citing FED. R. CIV. P. 12(b)(1)). The party bringing the claim "bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested." *Gabrielli v. Haleon US Inc.*, 815 F.Supp.3d 852, 862 (N.D. Cal. 2025).

A challenge related to subject matter jurisdiction can be either facial or factual. *See Friends of the River v. U.S. Army Corps of Engineers*, 870 F.Supp.2d 966, 972 (E.D. Cal. 2012)

(citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). A facial attack to subject matter jurisdiction "argues that the allegations of a complaint are insufficient to establish federal jurisdiction." *Ellis v. J.P. Morgan Chase & Co.*, 950 F.Supp.2d 1062, 1072 (N.D. Cal. 2013) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Here, Defendant brings a facial attack. When analyzing a facial attack to subject matter jurisdiction, the court must take "the plaintiff's allegations as true" and weigh "all reasonable inferences in the plaintiff's favor." *Lauria v. United States*, 542 F.Supp.3d 926, 931 (D. Alaska 2021).

III.    **DISCUSSION**

Defendant filed the Motion to Dismiss arguing that it was protected from suit because of its "inherent sovereign authority." *See* ECF No. 18, at 1-2. Under *San Agustin v. Mansapit-Shimizu*, 2020 Guam 25 (2020), Defendant contends that the Guam Legislature has the authority to waive Guam's sovereign immunity, and it has not done so here. *See id.* at 2. This means Mr. Castro's three claims should be dismissed because the Guam Legislature has not waived its sovereign immunity. *Id.* at 2-3. Moreover, the "Guam Legislature has only waived immunity for negligent torts; thus, intentional torts do not state a claim for which relief can be granted." *Id.* Accordingly, the Defendant asserts that Mr. Castro's three claims should be dismissed for lack of subject matter jurisdiction.

Mr. Castro argued in his Opposition that Guam's sovereign immunity was abrogated by the federal government when it enacted Title VII. *See* ECF No. 19, at 4. He then asks the court for permission to amend his Complaint to change his third claim from Intentional Infliction of Emotional Distress to Negligent Infliction of Emotional Distress as Defendant "has waived sovereign immunity for negligent torts." *Id.* at 6.

The central question before the court is whether it has subject matter jurisdiction over Mr.

Castro's three claims. If yes, then the court must resolve the secondary issue of whether it should grant Mr. Castro's leave to file an amended complaint.

### A. FIRST CLAIM FOR RELIEF – RETALIATION AGAINST EMPLOYEE FOR ACCESSING EEOC PROCEEDURES

The court has subject matter jurisdiction to hear Mr. Castro's first claim for Retaliation Against Employee for Accessing EEOC Procedures. This is because Congress abrogated state sovereign immunity for employment discrimination claims when it enacted the 1972 Amendments to Title VII of the Civil Rights Act.[4]

States have sovereign immunity "which they have retained from before the Constitution." *San Agustin v. Mansapit-Shimizu*, 2020 Guam 25, ¶ 14; *see also Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995) (citing *Hans v. Louisianna*, 134 U.S. 1 (1890)) ("[T]he Eleventh Amendment bars a citizen from bringing a suit against his own state in federal court."). The territory of Guam, similar to the states, has inherent sovereign immunity. *See id.* at ¶¶ 14-20; *see also Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989) ("Thus, controlling authority and the legislative history of the Organic Act compel our holding that the government of Guam has inherent sovereign immunity."). State sovereign immunity "extends to state agencies and their employees acting in their official capacities." *Clark v. Wash. State Dep't of Health*, 735 F.Supp.3d 1334, 1345 (W.D. Wash. 2024). However, state sovereign immunity does not preclude a claim when "the state has consented to waive its immunity" or "Congress has abrogated the state's immunity." *Id.* Title VII of the Civil Rights Act "abrogates states' sovereign immunity." *Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1221 (9th Cir. 2023) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 453 n.9 (1976)).

Defendant argues that the Guam Legislature has not "enacted legislation which waives

---

[4] *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976) (for a discussion on the 1972 Amendments).

sovereign immunity for actions" like this one. ECF No. 18, at 2. That is irrelevant here. Guam does not have to waive its immunity because Congress abrogated state sovereign immunity for Title VII claims. *See Clark*, 735 F.Supp.3d at 1345; *See Bitzer*, 427 U.S. at 451-57. Therefore, Mr. Castro's first claim stands because he is alleging a violation of Title VII of the Civil Rights Act. *See* ECF No. 2, at 7-8; 42 U.S. Code § 2000e-3(a).

**B. SECOND CLAIM FOR RELIEF – DISCRIMINATION BASED ON RACE**

Likewise, the court has subject matter jurisdiction to hear Mr. Castro's second claim for discrimination based on race because it was brought pursuant to Title VII of the Civil Rights Act. Defendant repeated its argument that the Guam Legislature has not "enacted legislation which waives sovereign immunity for actions" like this one. ECF No. 18, at 2. While it is unclear under which specific provision of Title VII Mr. Castro brings his second claim, it is clear that he brought this claim pursuant to the conduct alleging discrimination based on his race that he discussed throughout the Complaint. *See, e.g.*, ECF No. 2, at 5, 8-9. For example, Mr. Castro alleges in his second claim that "the position of Commodity Inspector II was awarded to a less qualified Chamorro employee despite [Mr. Castro] receiving a higher examination score or having superior relevant experience." *Id.* at 9. He also alleged in his general allegations that "he was discriminated against because of his race (Asian) and national origin (Filipino)." *Id.* at 5. Considering the content of his second claim and the overall nature of the Complaint, it is evident that Mr. Castro intended to bring this claim of employment discrimination based on his race under Title VII – a statute where Congress abrogated state sovereign immunity. Thus, Mr. Castro's second claim stands and will not be dismissed for lack of subject matter jurisdiction.

**C. THIRD CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The court does not have subject matter jurisdiction over Mr. Castro's third claim for

intentional infliction of emotional distress. As stated above, states, including the territory of Guam, have inherent sovereign authority which can only be waived by the state or abrogated by Congress. *See Clark*, 735 F.Supp.3d at 1345. There is no federal law that abrogates state sovereign immunity for claims of intentional infliction of emotional distress and Mr. Castro does not cite to one. Further, there is no state law that waives state sovereign immunity for claims of intentional infliction of emotional distress and Mr. Castro does not cite to one.[5] In fact, Defendant cites to the Guam code which states "the Government of Guam hereby waives immunity from suit, but **only** as hereinafter provided: … (b) for claims in tort, arising from **negligent** acts of its employees acting for and at the direction of the government of Guam[.]" 5 Guam Code Ann. § 6105(b) (emphasis added).

Mr. Castro's sole statement in his third claim is that the "Defendant subjected Plaintiff to intentional infliction of emotional distress and outrageous conduct resulting in mental anguish." ECF No. 2, at 10. The Guam Legislature has waived state sovereign immunity in negligent tort and not intentional tort actions. *See* 5 Guam Code Ann. § 6105(b). As Mr. Castro alleged an intentional tort and the Guam legislature has not waived its inherent authority for intentional torts, the court grants Defendant's Motion to Dismiss this last claim for lack of subject matter jurisdiction.

## D.  LEAVE TO FILE AN AMENDED COMPLAINT

The court grants Mr. Castro leave to file an amended complaint which clarifies his second claim and replaces his third claim with a claim for negligent infliction of emotional distress.[6] Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings "by

---

[5] Mr. Castro did not contest that his claim was precluded by state sovereign immunity in his Opposition. *See* ECF No. 19, at 4-6. Instead, he argued that he should be allowed to amend his Complaint to argue Negligent Infliction of Emotional Distress. *See id.*

[6] Mr. Castro requested in his Opposition the opportunity "to replead any other causes of action that the Court

leave of court without written consent from the adverse party." *Wennihan v. AHCCCS*, 515 F.Supp.2d 1040, 1044 (D. Ariz. 2005). Courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

When considering whether to grant leave to amend, a court must weigh the following factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of the amendment[.]" *See Eminence*, 316 F.3d at 1051-52 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Hutchins v. HP Inc.*, 767 F.Supp.3d 912, 920 (N.D. Cal. 2025) (citing *Eminence*, 316 F.3d at. 1052). Furthermore, "[a]bsent a showing of prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Chang v. Cashman*, 723 F.Supp.3d 772, 779 (N.D. Cal. 2024) (citing *Eminence*, 316 F.3d at. 1052) (emphasis in original).

The *Forman* factors do not weigh against amendment here. Mr. Casto initially failed to properly serve the summons and a copy of the Complaint on Defendant, but has since resolved this deficiency. *See* ECF Nos. 14, 15, & 16. Although there has been some delay, Mr. Castro has not caused undue delay or evidenced a dilatory motive. He also has not filed any amended pleadings thus far. Additionally, there would be no prejudice to the Defendant if the court permitted Mr. Castro to file an amended complaint because the court has vacated its scheduling

---

determines may not be properly before it now." ECF No. 19, at 6. The court notes for the record that the Defendant did not file a reply objecting to this request.

conference pending the resolution of this motion and the case is still in its early stages. ECF No. 13.

Lastly, granting leave to amend the complaint would not be futile. As to the second claim, the court has subject matter jurisdiction, but the claim has been insufficiently pleaded. Mr. Castro failed to identify the specific Title VII provision for this claim. Mr. Castro's second claim broadly alleges that the Defendant violated his "federally and locally protected rights." ECF No. 2, at 9. This fails to provide Defendant with fair notice under Rule 8(a) of the Federal Rules of Civil Procedure. As to the third claim, because Guam has waived its sovereign immunity for negligent torts it would not be futile to grant leave to amend the complaint.[7]

Based on this analysis, the court concludes that it is in the interest of the parties and of the court to grant Mr. Castro leave to amend his complaint. Mr. Castro has thirty (30) days to file an amended complaint that provides a plain statement of his second claim showing that he is entitled to relief and to change his third claim from intentional infliction of emotional distress to negligent infliction of emotional distress.

## IV.    CONCLUSION

For the foregoing considerations, the court hereby GRANTS in part and DENIES in part Defendant's motion to dismiss for lack of subject matter jurisdiction. The court grants Plaintiff Kristoffer Castro thirty (30) days to file an amended complaint.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 16, 2026**

---

[7] The court would then have subject matter jurisdiction to hear this claim under its supplemental jurisdiction. 28 U.S.C. § 1367(a).